Filed 1/8/26  P. v. Sams CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>VANCE EUGENE SAMS, JR.,<br><br>Defendant and Appellant. | F089009<br><br>(Super. Ct. No. F14906439)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Kimberly Gaab, Judge.

Charles M. Bonneau, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen, and Brook A. Bennigson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P. J., Meehan, J. and Snauffer, J.

## INTRODUCTION

In August 2024, defendant Vance Eugene Sams, Jr., filed a Penal Code[1] section 1172.6 petition for resentencing. In October 2024, defendant filed a form entitled "Request for Recall of Sentence Pursuant to AB 600[2] and § 1172.1." The court held a hearing on November 20, 2024, during which the public defender conceded defendant could not make a prima facie showing under section 1172.6, and the court denied relief under that section. Defendant then orally sought to proceed under section 1172.1, and the trial court held the oral request was not properly before the court, and it would not exercise its discretion to resentence. In January 2025, the trial court also issued a written order denying defendant's request for recall and resentencing pursuant to section 1172.1.

On appeal, defendant argues the matter must be remanded because he presented an alternate written petition for relief under 1172.1 during the November 2024 hearing, and the court acted on the oral motion without realizing there was a written motion with supporting documents on file. In support of his request for relief under section 1172.1, he contends the court had authority to revise his sentence on the firearm enhancement and to revise the sentence in light of the Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1) (RJA). The People assert the court's order denying his section 1172.1 request for relief is not appealable. Alternatively, they argue the court did not err in denying the request.

We conclude the order appealed from is not an appealable order and, accordingly, dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2016, defendant was charged with murder (count 1, § 187, subd. (a)). It was further alleged that he personally and intentionally discharged a firearm, which

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.

[2]    Assembly Bill No. 600 (2023–2024 Reg. Sess.) effective January 1, 2024 (Stats. 2023, ch. 446, § 2) (Assembly Bill 600).

proximately caused great bodily injury or death (§ 12022.53, subd. (d)) and in the commission and attempted commission of the offense, defendant personally used a firearm (§ 12022.5, subd. (a)). A jury found defendant guilty of second degree murder and found true the allegation that defendant personally and intentionally discharged a firearm, which proximately caused great bodily injury or death to (§ 12022.53, subd. (d)).[3] The court sentenced defendant to 15 years to life for the murder conviction, plus a consecutive term of 25 years to life for the section 12022.53, subdivision (d) firearm enhancement.

Following defendant's first appeal, our court affirmed the judgment but remanded for the trial court to make corrections to the abstract of judgment and to consider whether to exercise its newly afforded discretion to strike or dismiss the firearm enhancement under Senate Bill No. 620 (2017–2018 Reg. Sess.) (Stats. 2017, ch. 682, § 2). (*People v. Sams* (June 26, 2019, F074751) [nonpub. opn.].) On remand, the trial court declined to strike the firearm enhancement and defendant again appealed. (See *People v. Sams* (June 3, 2021, F080738) [nonpub. opn.].) Our court initially affirmed the judgment, but the California Supreme Court transferred the matter back to us with directions to vacate our opinion and reconsider the cause in light of *People v. Tirado* (2022) 12 Cal.5th 688. (*People v. Sams*, *supra*, F080738.) Thereafter, we remanded the matter for the trial court to exercise its discretion consistent with *Tirado* and pursuant to section 12022.53, subdivision (h). (*Sams*, F080738.)

In November 2022, after the matter was transferred back to the trial court, the trial court exercised its discretion to modify the section 12022.53, subdivision (d) enhancement to a violation of section 12022.53, subdivision (b). The court then

---

[3] During jury deliberations, the People made a formal request to strike the first-degree allegation, which the court granted.

resentenced defendant to a term of 15 years to life on count 1 (§ 187, subd. (a)), plus 10 years for the section 12022.53, subdivision (b) firearm enhancement.

In August 2024, defendant filed a form petition for resentencing pursuant to former section 1170.95 (now § 1172.6). He checked boxes indicating a complaint, information or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; at trial and he was convicted of first or second degree murder pursuant to the felony-murder rule or the natural and probable consequences doctrine. He also checked a box requesting that the court appoint him counsel during the resentence process and another box indicating he "was not a major participant in the felony **or** … did not act with reckless indifference to human life during the course of the crime or felony." He also checked a box stating he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony-murder doctrine and could not now be convicted of murder because of changes to section 188, effective January 1, 2019. Defendant included a supplemental handwritten brief with his petition. The People filed an opposition to defendant's section 1172.6 petition for relief, asserting "the record shows [d]efendant's post SB 1437[4] murder conviction had nothing to do with the natural and probable consequences doctrine, the felony[-]murder rule, or any theory under which malice is imputed." Relying on the jury instructions attached to the opposition, they asserted "the jury instructions show that neither the theory of natural and probable consequences nor the theory of felony murder was provided to the jury as a theory on which to convict the [d]efendant. … As such, there was no theory of murder provided for jury consideration that would impute malice on the defendant." Rather, "[t]he jury … necessarily found that [d]efendant acted with malice aforethought." Additionally, because the jury found true the allegation "defendant personally and

---

**4**      Senate Bill No. 1437 (2017–2018 Reg. Sess.).

intentionally fired a gun causing the death of Raymond [F.]," it "necessarily found that defendant was the actual killer in this case." The accompanying jury instructions reflected the jury was instructed on murder with malice aforethought, not on felony murder or the natural and probable consequences doctrine.

Then, on October 18, 2024, defendant filed a form entitled "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1." Under a section titled "Statement of Eligibility," he asserted he was "eligible for consideration of a new sentence under [Assembly Bill] 600 and … [section] 1172.1 because the following law(s) applied at the time of [his] sentencing has changed." Defendant then marked the boxes referring to sections 1385 (amended in 2022 by Sen. Bill No. 81 (2021–2022 Reg. Sess.)), 667, subd. (a)(1) (amended in 2019 by Sen. Bill No. 1393 (2017–2018 Reg. Sess.), and sections 1170 and 1170.1 (amended in 2022 by Sen. Bill No. 567 (2021–2022 Reg. Sess.)). He also checked a box requesting the court appoint him counsel. He attached to his request a letter from a correctional lieutenant at San Quentin State Prison in support of his suitability for parole hearing. He also attached certificates evidencing his completion of various programs, including a program at the Institute of Technology for Culinary Arts, before he was incarcerated, certificates evidencing his completion of and attendance in various programs while incarcerated, and laudatory chronos he received while in prison.

The court held a hearing on defendant's section 1172.6 petition for relief on November 20, 2024, during which defense counsel explained she had independently reviewed the jury instructions, the verdict forms and her office's file and in her "review of all the material," she was "not able to determine any way he would make a prima facie case." The court denied with prejudice defendant's request for recall and resentencing pursuant to section 1172.6, concluding defendant did not make a prima facie showing for relief that would support an evidentiary hearing. Rather, defendant was ineligible for resentencing "as a matter of law."

At that same hearing, defendant addressed the court, stating:

"I originally filed the petition for resentencing brief number 1172.6. I now humbly ask the Court to allow me to submit the 1172.1 petition, which was created for a contrary person as myself, who has taken rehabilitation very seriously from the time I arrived in prison on November 28, 2016, until the present day. I didn't wait until the law changed in my favor to start my rehabilitation, to start rehabilitating myself. I hit the ground running without ever really knowing if I would ever get the chance to go home. I did not wait until the law changed in my favor. I hit the ground running. I have been rehabilitating myself every day since November 28th, 2016."

"I … really have worked on rehabilitation to better myself today. I'm a Christian, a man of God, a man of faith, I have got a wife, I've got a grandkid, I got kids, … I'm a pastor, I got a support system, I have a family. I have a career. I'm a pastry chef, I'm a chef. I would not be able to take the risk, but an asset to my community. If given a second chance, I would exceed the Court's expectation."

The court responded, "Okay. [Defendant], if I'm understanding you, you are making an oral request for resentencing under [Assembly Bill] 600, that is codified [in] Penal Code Section 1172.1." Defendant confirmed, "Yes." The following exchange then took place during which the court denied defendant's oral request:

"[THE COURT]: That is the section that allows the Court to recall and sentence and resentence. The sentencing laws have changed.

"Let me start by saying that request is not before this Court today. You were here on a different issue, which was resentencing under 1172.6. You're … going to need to make that request in writing if you are making an additional request. [¶] Is there anything further from the People on this?

"[PROSECUTOR]: Your honor, the defense has shown us the documentation. We would oppose any [Assembly Bill] 600 relief at this time. Though while we oppose that, we do commend [defendant] for, frankly, paying off victim restitution. We don't think it's appropriate at this time. We think his release is better suited for a parole board.

"[THE COURT]: [Defendant], to the extent that you are making an oral request for recall of your sentence, I am denying that request. Considering all of the changes to the law, defendant's record, facts of the

6.

case, the Court doesn't find resentencing in the interest of justice, and I wouldn't exercise my discretion based on his oral request.

"But I will say, [defendant], I appreciate that you have taken positive steps in your life, and based on what you are telling me today, you appearing to doing [*sic*] well, and you have acquired skills to be a pastry chef and you are moving on with your life. These are all arguments that you can make before the parole board to show that you are rehabilitated when you are eligible to do so. [¶] Okay?

"[THE DEFENDANT]: Okay."

Thereafter, in a written order dated January 29, 2025, the court denied defendant's written request for recall and resentencing pursuant to section 1172.1. The order stated: "Defendant filed a request for recall of sentence and resentencing pursuant to Assembly Bill … 600 and … section 1172.1. [¶] However, … section 1172.1, subdivision (c) clearly states that '[a] defendant is not entitled to file a petition seeking relief from the court under this section.' Therefore [d]efendant's request for recall of sentence and resentencing is denied."

## DISCUSSION

In his sole issue, defendant argues the matter must be remanded because the court acted on his oral motion for recall and resentencing pursuant to section 1172.1 without realizing there was a written motion with supporting documents on file. He contends the court had authority to revise his sentence on the firearm enhancement and to revise the sentence in light of the RJA. The People assert the court's order is not appealable. Alternatively, they contend the court did not abuse its discretion in denying the request.

## I.     Applicable Law

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant generally must file a petition for

7.

writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339) or proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75). (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.)

Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the secretary of the Department of Corrections and Rehabilitation recommends resentencing. (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) Assembly Bill 600 amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) Accordingly, effective January 1, 2024, section 1172.1, subdivision (a)(1) provides the court may, "*on its own motion, … at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.)

Notably, section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." (*Ibid*.) Additionally, "If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

## II. Analysis

Defendant argues, "[s]ince the trial court had the jurisdiction to consider [defendant's] written section 1172.1 request, and did in fact purport to act on the oral motion without realizing that there was a written motion with supporting documents on

file, the trial court erred in summarily denying the section 1172.1 request, without considering the availability of a lesser sentence or the application of the RJA." He argues remand is necessary in this instance. The People contend the court's order is not appealable. And, even it if was, the order should be affirmed.[5] We agree with the People that the order appealed from is not appealable and, accordingly, the appeal must be dismissed.

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. However, section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.' " (*Teal*, at p. 598.)

---

[5] Though defendant did not raise it in his opening brief, the People further note "[n]ewly enacted section 1171 does not alter the analysis." In his reply brief, defendant asserts section 1171 supports his contention.

Effective January 1, 2025, Assembly Bill No. 2483 (2023–2024 Reg. Sess.) enacted section 1171, which sets forth various procedures under subdivision (c) that apply to all postconviction proceedings to modify a sentence or conviction under ameliorative statutes, including section 1172.1. (§ 1171, subds. (a), (c); Assem. Bill No. 2483; Stats. 2024, ch. 964, § 2.) Section 1171 provides that, upon receiving "a request to begin a postconviction proceeding *that is authorized in law*," the court shall consider appointment of counsel for the defendant. (§ 1171, subd. (c)(1), italics added.) It also requires a court to "state on the record the reasons for its decision to grant or deny the initial request to begin a postconviction proceeding" and provide notice of that decision. (*Id.*, subd. (c)(4).) And "[a]fter ruling on a request, the court shall advise the defendant of their right to appeal and the necessary steps and time for taking an appeal." (*Id.*, subd. (c)(5).) Notably, section 1171 expressly states that the procedures set forth in subdivision (c) do not apply where "there is a conflict with a more specific rule established in statute, in which case the more specific statute shall apply." (*Id.*, subd. (c).)

Here, we cannot conclude the court's order on defendant's oral request for relief pursuant to section 1172.1 is appealable. Section 1172.1, subdivision (c) expressly provides that the trial court may choose not to respond to a defendant's invitation for the court to initiate recall and resentencing proceedings on its own motion pursuant to section 1172.1, subdivision (a) as amended by Assembly Bill 600. (§ 1172.1, subd. (c).) By stating a court may decline to respond to a defendant's request for relief under the statute, the language of section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to— let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court denies such relief, such an order cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).) That is, the statutory language of section 1172.1 provides a basis as to why a defendant should be precluded from raising the court's alleged erroneous failure to initiate recall and resentencing proceedings on appeal. (Cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1167; *People v. Carmony* (2004) 33 Cal.4th 367, 376.)

Defendant's contention that the court failed to acknowledge his written request for recall and resentencing pursuant to section 1172.1 when it denied his oral motion pursuant to the same section does not transform the court's order on his oral motion into an appealable order. Rather, because defendant had no right to relief (i.e., the defendant has no right to the court's initiation of recall and resentencing proceedings on its own motion pursuant to § 1172.1), the order denying such relief cannot be said to affect the defendant's substantial rights. (See *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1049 ["a defendant who requests recall and resentencing under section 1172.1 … does not have a substantial right at stake, and the trial court's decision on that request is not appealable"].) And " 'appealability depends upon the nature of the decision made, not

10.

the court's justification for its ruling.' " (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 698; see also *People v. Gallardo* (2000) 77 Cal.App.4th 971, 985.) Furthermore, it bears worth noting that the court issued a separate order in January 2025 acknowledging and denying defendant's written request for relief pursuant to section 1172.1.

Accordingly, we conclude the order appealed from is not appealable, the appeal must be dismissed.

## DISPOSITION

The appeal is dismissed.

11.